FILED

08/17/2018

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs June 26, 2018

**STATE OF TENNESSEE v. DEWAYNE CROSS**

**Appeal from the Circuit Court for Blount County**
**No. C-10380      David Duggan, Judge**

_____

**No. E2018-00047-CCA-R3-CD**

_____

The pro se Defendant, Dewayne Cross, appeals the Blount County Circuit Court's summary denial of his motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. We affirm the judgment of the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT H. MONTGOMERY, JR., JJ., joined.

Dewayne Cross, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Kirk E. Andrews and Ed Bailey, Assistant District Attorneys General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

Although this record is sparse, we were able to glean the following facts related to this appeal. The Blount County Grand Jury indicted the Defendant for first degree murder. On October 26, 1999, the Defendant entered a guilty plea to second degree murder and received a thirty-year sentence, which was served consecutively to a sentence for rape received in Blount County Case No. C-10542.

On November 8, 2017, the Defendant filed a Rule 36.1 motion, arguing that the trial court's failure to award him pretrial jail credit on his thirty-year sentence rendered it illegal. On November 22, 2017, the trial court entered an order summarily denying the motion for failing to state a cognizable claim under Rule 36.1. In the order, the court noted that the Defendant was not entitled to pre-trial jail credit:

The Judgment clearly reflects that when [the Defendant] pled guilty to second degree murder, he agreed to accept a thirty-year sentence <u>consecutive</u> to his sentence for rape in case number 10542. Because his sentence in this case was consecutive to the sentence in the other case, all of his credit was given to him on the underlying case, and he was not given, nor was he entitled to, any credit on his consecutive sentence.

The court further found, "[m]ost importantly," that the Defendant's "basis for an alleged illegal sentence is without merit."

On January 11, 2018, the Defendant filed an untimely notice of appeal and a motion to waive timely filing of the notice of appeal. The same day, this court entered an order stating that the interest of justice required waiver because the trial court clerk did not notify the Defendant that the final order had been entered until after expiration of the thirty-day time limit for filing a notice of appeal and because the Defendant filed his motion and notice of appeal only seventeen days late.

## ANALYSIS

The Defendant argues that the trial court's failure to award him pretrial jail credit on his thirty-year sentence, in violation of Tennessee Code Annotated Section 40-23-101(c), rendered his sentence illegal. Specifically, he asserts that despite the fact that his plea agreement gave him pretrial jail credit for the two years he spent in jail while awaiting trial, the trial court failed to award him these credits after accepting his plea agreement. The State counters that even if the pretrial jail credits were statutorily required, the Defendant failed to state a cognizable claim. We agree with the State.

Rule 36.1 allows a defendant or the State to seek the correction of an unexpired illegal sentence. See Tenn. R. Crim. P. 36.1(a)(1); State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015). For the purposes of Rule 36.1, "an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, the defendant must establish a colorable claim that the sentence is illegal. Tenn. R. Crim. P. 36.1(b). For the purposes of Rule 36.1, a colorable claim is a claim "that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." State v. Wooden, 478 S.W.3d 585, 593 (Tenn. 2015). The determination of whether a Rule 36.1 motion states a colorable claim is a question of law, which this court reviews de novo. Id. at 589 (citing Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007)).

In this case, the Defendant's sole argument is that the trial court failed to award him the appropriate pretrial jail credits, which rendered his sentence illegal. However, the Tennessee Supreme Court made clear that "a trial court's failure to award pretrial jail credits does not render the <u>sentence</u> illegal and is insufficient, therefore, to establish a colorable claim for relief under Rule 36.1." <u>Brown</u>, 479 S.W.3d at 213 (citing <u>Wooden</u>, 478 S.W.3d at 595-96). Because the Defendant has failed to establish a colorable claim, he is not entitled to relief under Rule 36.1.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action is taken in a proceeding without a jury, such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. <u>See</u> Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is, therefore, affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. McMULLEN, JUDGE